## W. S. TYLER CO. v. REBIC.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7694. Decided Nov. 28, 1927.

Hamilton, PJ., Mills and Cushing, JJ., of the 1st Dist., sitting.

**First Publication of This Opinion.**

### Syllabus by Editorial Staff.

**631. INDUSTRIAL COMMISSION—1283. Workmen's Compensation—480. Evidence.**

1. Verbal application sufficient to start proceedings to obtain compensation.

2. On appeal from Industrial Commission, admission of "other evidence" in addition to record made before Commission, not error.

3. Industrial Commission not authorized, by 871-22 GC., to adopt rules which would limit right to recovery for injuries as a result of, and growing out of scope of employment of claimant.

### Error to Common Pleas.
Judgment affirmed.

Tolles, Hogsett, Ginn & Morley, Cleveland, for Tyler Co.

M. C. Harrison, Cleveland, for Rebic.

### STATEMENT OF FACTS.

This was an action on appeal from a decision of the Industrial Commission of Ohio, denying the right of the defendant in error to participate in the State Insurance Fund.

Rebic claims that on June 6th, he went to his employer, and made oral application for compensation, which was refused. He thereupon made written application to the Industrial Commission of Ohio. He thereupon filed his appeal, without having made application for rehearing to the Industrial Commission.

At the trial, on the appeal, the Court permitted Rebic to offer oral testimony in addition to the record made before the Industrial Commission. The trial resulted in a verdict and judgment for plaintiff Rebic.

HAMILTON, PJ.

"Two specifications of error are presented here:

1st. Was the appeal taken properly? and

2nd. Was oral testimony admissible, in view of the Workmen's Compensation Law?

The question of whether or not the appeal was properly taken turns on what law governs the appeal at the time it was filed.

Prior to July, 1925, the statute, governing appeals, did not require that an application for rehearing be filed with the Industrial Commission before filing the appeal.

This statute was amended, and the amendment is contained in 111 Ohio Laws, 227, and became effective in July, 1925, which was prior to the time the application of the claimant was filed with the Industrial Commission. The amended statute required the filing of an application for rehearing of the claim.

If the claimant, Rebic, made an oral application for compensation, to the self-insured Company on June 6th, and an oral application is sufficient to be considered as a proceeding, then the claimant's appeal was properly taken.

In the case of Caton v. Defiance Screw Machine Products Co., decided by the Court of Appeals for Defiance County, Ohio, being case No. 52, it was held that verbal application was sufficient to start a proceeding to obtain compensation. We are in accord with that decision, and hold that the claimant, by making a verbal application for compensation, of the Company, started a proceeding.

In the case of Industrial Commission of Ohio v. Vail, 110 OS. 304, the Supreme Court held that an application for compensation is a proceeding, and within the operation of the provisions of Section 26 GC., and this holding makes the law in force prior to July applicable to this case, provided the claimant made his verbal application prior to July, 1925.

We must presume that the Court considered the facts and found that the application was made prior to July 1, 1925. This was a question of fact and was determined on sufficient evidence. The appeal was properly taken.

The claim that the admission of "other evidence," in addition to the record before the Industrial Commission, was error, is disposed of by the decision in the case of Industrial Commission v. Hilshorst, Supreme Court No. 20365, decided Nov. 9, 1927, deciding that "other evidence is admissible."

It is also argued that the trial court erred in refusing to give the following special charge requested after the general charge:

"Instruct you that you must consider the rules of the industrial commission governing the allowance of hernia claims along with all other matter contained in the transcript of the record made before the Industrial Commission (B of Ex. 46)."

While General Code Sect. 871-22 gives the Industrial Commission powers to make certain rules and regulations relative to the exercise of its powers and authorities, it does not authorize the Commission to adopt rules which would limit the right to recovery for injuries as a result of and growing out of the scope of the employment of claimant. Such rule as requested here would contravene the statutes, and would undertake to limit the right of recovery, provided the injuries brought the

claim within the scope of the law. The court did not err in refusing the charge."

We find no error in the record, and the judgment is affirmed.

(Mills and Cushing, JJ., concur.)