INDUSTRIAL COMMISSION OF OHIO *v.* WILLENBORG.

(Decided January 16, 1928.)

*Mr. Charles P. Taft, II,* prosecuting attorney, and *Mr. Augustus Beall, Jr.,* for plaintiff in error.

*Messrs. Hightower, O'Brien & Porter,* for defendant in error.

HAMILTON, P. J.   This case grows out of the claim of George Willenborg for compensation from the state insurance fund, for injuries claimed to have been incurred while an employee of the Cincin-

nati Planer Company, a contributor to the state insurance fund.

The claimant appealed to the court of common pleas from the action of the Industrial Commission denying him the right to continue to participate in the state insurance fund. The trial of the case on the appeal resulted in a verdict and judgment for the claimant for the period of 200 weeks from the date of his injury, at $12 per week. From that judgment, the Industrial Commission prosecutes error to this court.

Error is predicated on the proposition that the verdict and judgment are against the weight of the evidence, and that the court of common pleas was without jurisdiction to hear the case on appeal.

Whether or not this court has the power to pass on the weight of the evidence, in view of the fact that the court of common pleas granted one new trial on the weight of the evidence, it is not necessary for us to determine.

It is our opinion that the record discloses sufficient evidence to support the verdict as to the injury sustained and loss of wages.

The question of the jurisdiction of the court to entertain the appeal under the state of the record presents a more difficult proposition.

The file of the Industrial Commission, attached to the bill of exceptions, is decidedly incomplete. Whether this is due to the fact that some of the filings were lost, or to the loose method of hearing the claim, we do not know. We are therefore driven to deducing from some of the filings, supplemented by oral testimony, the facts indicating that certain action was taken by the commission.

The record discloses that on October 30, 1913, the applicant wás injured while in the employ of the Cincinnati Planer Company, and that the injury grew out of the course of the employment.

November, 1913, Willenborg filed a claim with the Industrial Commission for compensation. What action was taken by the commission is not revealed by the files. However, it appears from the oral testimony that payments were made to Willenborg. A payment would be made, time would relapse, Willenborg would again complain to the commission, and some further payments would be made. These payments were made at intervals covering a period of some five years. No action of the commission is shown to have taken place with reference to the termination of the payments prior to 1925. The evidence discloses that these payments aggregated the sum of $444.73.

On January 20, 1925, the commission, by unanimous vote, ruled that "no further compensation be paid in this case, as the proof does not show that claimant is suffering any impairment in wage, as result of injury." Willenborg was notified of this action by letter from the commission on January 22, 1925.

On January 27, counsel for Willenborg wrote the Industrial Commission calling its attention to the claim of Willenborg, reciting his condition and other points with reference to his injury, presenting the claim that he was still seriously incapacitated, that he had lost his position as a machinist, and was only able to do messenger work, etc., and closing with this statement: "Will you please advise me if this recital of facts is as you understand it,

and what, if anything, can be done for this unfor-·tunate man?'' This letter is important, as we will later see.

This letter was followed by another letter from counsel for Willenborg to the Industrial Commission under date of February 18, 1925. This letter calls attention to the letter of January 27, and requests an immediate answer.

On March 4, the commission wrote counsel for Willenborg to the effect that their action in denying the right to further participate was based upon the report of a physician from Cincinnati, and suggested that, if claimant could furnish proof that has not been considered by the commission, showing he is entitled to additional compensation, he could file the same with an application for rehearing, and inclosed a blank form for rehearing.

The blank form was filled out and returned to the commission, and, on May 5, 1925, the commission, by unanimous vote, voted that the application for rehearing be denied, and, on May 7, notified Willenborg of this action.

On May 19, 1925, the petition on appeal was filed in the court of common pleas from the action of the commission taken under date of May 5, 1925.

It is argued on behalf of the Industrial Commission that the court of common pleas was without jurisdiction to hear the case, for the reason that the appeal was not filed in the court of common pleas .within thirty days after the final action of the commission denying claimant the right to further participate in the fund, that the final action of the commission was on January 20, 1925, and this appeal was not filed until May 19, 1925.

This raises two questions: (1) Could the time be extended by the commission, provided application for rehearing be filed within thirty days, under rule 23 of the rules of the commission? (2) If so, could the letter of counsel for claimant, under date of January 27, be considered an application for rehearing?

It is argued for the commission that the law in force at the time of the accident should govern; that it did not give any right to appeal where the commission entertained jurisdiction and granted relief; that the law did not contain the clause, "to continue to participate in the fund," and, this being an action based on the right to continue to participate, there is no appeal.

It is true the statute was amended to contain the words "to continue to participate," subsequent to the date of the injury. The amendment was passed prior to the action of the Industrial Commission on January 20, 1925, denying the claimant the right to further participate.

We are of the opinion that the claimant is entitled to the benefit of the amended statute, in force at the time of the action of the commission on January 20, 1925. Notice of this action was the first expression to the claimant that he should not further participate. No denial of further participation was pending prior thereto. A new proceeding was necessary to secure the rights of claimant. The action of the commission and the proceeding for relief therefrom by claimant all arose after the amendment became effective, and the claimant was within its protecting provisions at the time.

We therefore hold that the claimant had the right

to apply for rehearing under the amended statute upon receipt ·of notice of the discontinuance of his participation in the fund.

The application must have been filed within thirty days, under the rule of the commission, from the date of the denial to further participate. The letter of counsel for claimant under date of January 27, above referred to, together with his letter of February 18, will have to be construed as an application for rehearing if the appeal in this case is held to give the court of common pleas jurisdiction. The filing of the formal application and the action thereon was more than thirty days after January 20, 1925, and would not be within the saving provision of the rules of the commission.

This court has held that no particular form of application for rehearing is jurisdictional. This court has also held that an oral demand would be sufficient to start a proceeding. See *W. S. Tyler Co.* v. *Rebic,* 27 Ohio App., 314, 161 N. E., 356, decided by this court November 28, 1927, a Cuyahoga county case.

The letters of January 27 and February 18 called the attention of the commission to the cutting off of the payments, the injustice of it, presented the claim of continuing incapacity and asked if something could not be done for claimant. While the letter is decidedly informal, it does call the attention of the commission to the claim and the right to further compensation. Later, based on this letter, and at the direction of the commission, formal application was filed. In other words, the letter referred to was given consideration by the commission. It was only

at the request of the commission that the later application was filed.

Concerning some phases of this case, we refer to the case of *Tyler Co.* v. *Rebic, supra,* and the cases therein cited.

The case of *Industrial Commission* v. *Glenn,* 101 Ohio St., 454, 129 N. E., 687, is cited by counsel for the commission as controlling in this case. However, on page 458 (129 N. E., 688) in the opinion in the *Glenn case,* we find this expression of the court, which is pertinent here:

"In our opinion, the Industrial Commission, by the adoption of such rules [fixing the thirty-day limit for application for rehearing], attempted to afford the widest latitude possible for a fair and full investigation of every claim * * *."

On page 456 (129 N. E., 687), the court further says in the *Glenn case:*

"These rules of the commission do not take away any right conferred upon the claimant by law; rather they extend the time for consideration of the applicant's claim and give further opportunity to present proofs before a final order is made. This, however, upon the condition that such application for rehearing is filed within thirty days. If that be done, then, under the rules of the commission, its final order is deferred until the conclusion of the further hearing."

The case of *Perkins* v. *Industrial Commission,* 106 Ohio St., 233, 140 N. E., 134, throws light on the liberal construction which courts give to the law, affording the widest latitude possible for a fair and full investigation of every claim.

We therefore hold that the claimant, Willenborg,

was within his rights under the law, as it existed at the time, to apply for further consideration on rehearing within thirty days from the action of the commission denying him the right to further participate; that the letters of his counsel under date of January 27 and February 18 were sufficient to institute a proceeding for a rehearing under the rules of the commission, and that the final action thereon was under date of May 5; that, the appeal and the petition on the appeal having been filed May 19, they were filed within thirty days from the final action of the commission, and therefore the court of common pleas had jurisdiction in the cause.

It is claimed that the payments made within the five years from the date of the injury constituted temporary compensation, and ought not to affect the award that the jury found to be due claimant by its verdict.

The trial court took this view of the case, and the jury did not take the payments into consideration in making the permanent award. In this, we think the court was incorrect. While the evidence showed the payments were made, there is nothing to show any temporary allowance within the meaning of that term, as used in the statute, and, since the verdict and judgment do not take into consideration the payments made, aggregating $444.73, this sum should be deducted from the judgment. Since the amount paid is not in dispute, the judgment will be modified, by deducting therefrom the sum of $444.73, and, as modified, it will be affirmed.

*Judgment modified and affirmed.*

MILLS and CUSHING, JJ., concur.