INDUSTRIAL COMMISSION OF OHIO *v.* MARSH.

(Decided March 18, 1929.)

*Mr. Edward C. Turner,* and *Mr. Clarence A. Dorger,* for plaintiff in error.

*Mr. Nicholas Klein,* for defendant in error.

CUSHING, P. J. Avis Marsh was an employe of the Nivison-Weiskopf Company. On December 6, 1924, she received an injury at the office of the company, where she had remained, as she testified, to make out some waybills.

The record of the Industrial Commission states: "The employer reported the accident to our Cincinnati office on a regular blank which was not signed by claimant or certified by the employer. This report was filed February 6, 1925."

The record also discloses that on May 28, 1925, Avis Marsh was notified by the Industrial Commission as follows:

"May 28, '25.
"982064—Avis Marsh.
"Mr. Avis Marsh, 103 Alberta St., Ludlow, Ky.

Dear Sir: The above numbered claim was heard on May 26th, at which time the Commission ordered that the claim be held in abeyance until such time as you complete the application and file definite proof of injury."

In the case of *W. S. Tyler Co.* v. *Rebic,* a Cuyahoga county case decided by this court November 28, 1927 (27 Ohio App., 314, 161 N. E., 356, affirmed 118 Ohio St., 522, 161 N. E., 790), this court held that an oral application was sufficient to start a proceeding, and that, the oral application having been made prior to the taking effect of the amendment of Section 1465-90, General Code, the proceeding would carry through under the law as it existed prior to the amendment.

In the instant case, not only was the commission notified of the accident and claim filed, but a hearing was had on the claim prior to the effective date of the amendment, as found in 111 Ohio Laws, 227, which was July 14, 1925.

On authority of *Tyler Co.* v. *Rebic,* 118 Ohio St., 522, 161 N. E., 780, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

Ross and HAMILTON, JJ., concur.