THE L. DAUTEL SONS CO. *v.* OBRADOVICH.

(Decided November 18, 1929.)

*Mr. John H. McNeal,* for plaintiff in error.
*Mr. M. C. Harrison* and *Messrs. Cerrezin & Wilson,* for defendant in error.

SULLIVAN, J. This cause is here on error from the common pleas court of Cuyahoga county, to which tribunal an appeal had been made from an adverse ruling of the Industrial Commission, the verdict in the court of common pleas being in favor of the workman, the defendant in error, Joe Obradovich, and as the parties stood in the reverse order below we will refer to them in that way.

In March, 1914, Obradovich was working for the L. Dautel Sons Company, a self-insurer, and he was injured by another workman who was using a

sledge-hammer to drive plank sheathing for a ditch, and, in such use thereof, it came in contact with plaintiff and injured him to the extent that a brain lesion followed, together with other injuries which it is claimed have disabled the workman from performing labor.

On April 2, 1917, an application for adjustment was made to the Industrial Commission, supported by proof establishing the plaintiff's claim. The commission on June 6, 1917, allowed compensation from March 10, 1914, the date of the injury, to February 5, 1915. On September 26, 1917, at a final hearing, the claim was disallowed by a final order which reads as follows: ''The Commission finds, after due consideration of said reports, that the medical proof submitted does not establish the fact that claimant's disability beyond Feb. 5, 1915, was due to an injury sustained while in the course of employment March 10, 1914. It is therefore ordered that further compensation be denied and the case closed.''

On January 28, 1924, an application for rehearing was filed before the commission, and the same was denied December 17, 1924, and on January 5, 1925, plaintiff filed a document entitled ''Application for rehearing,'' but in addition thereto it was meant and intended to be, and we think actually was, the first application for compensation for permanent and total disability.

Testimony was taken under this application upon the issue as to whether the applicant was permanently and totally disabled as a result of the original injury.

From an examination of the record there can be

no question that upon this application just noted, there was a full hearing, and resort was had to the testimony of physicians and surgeons, and a report of their examination was made in due time to the commission.

On September 8, 1926, after the filing of this application for total disability, a hearing had thereon, and the submission of the cause, the following entry appeared on the records of the commission:

"This day, to wit, September 8, 1926, this claim coming on for further hearing for consideration of application for rehearing and application for modification of award filed by the claimant herein and the other proof on file, which applications and all proof filed were duly and fully considered by the Commission, it was the finding of the Commission that a preponderance of medical proof indicates that claimant was fully compensated for all disability resulting from injury.

"It was the further finding of the Commission that application for rehearing was not filed within the time provided by the rules.

"It was therefore ordered that application for rehearing and application for modification of award be dismissed."

Within the statutory time, procedure upon appeal was had by the filing of a petition in the common pleas court, and to a second amended petition the defendant filed a demurrer which the common pleas court sustained, but upon a hearing had before the Court of Appeals the judgment of the common pleas court was reversed under the holding that a cause of action was stated. A motion to certify was overruled by the Supreme Court, and the case was re-

turned to the common pleas court, where, upon another trial had, at the conclusion of plaintiff's evidence, the court withdrew from the jury the claim for compensation prior to the application of January 5, 1925, but left for the consideration of the jury the issue whether plaintiff was thereafter totally disabled because of the injuries of March 10, 1914, and the jury decided upon that issue in favor of the plaintiff. Thereupon, a motion for new trial having been filed and overruled, judgment was entered upon the verdict, awarding the plaintiff $10 per week as permanent total disability from January 1, 1925, and from this judgment the defendant prosecutes error proceedings to this court, and the paramount legal question to be determined is whether, under the record recited, the right of appeal exists.

We have examined the authorities cited by able counsel for plaintiff in error, but are still of the same mind as expressed in the opinion of this court in the case of *Obradovich* v. *L. Dautel Sons Company,* decided April 16, 1928, and it is significant that in the case just cited the same legal discussion practically took place as in the instant case.

We think it is the law in Ohio that after the right of appeal has expired, the Industrial Commission cannot entertain jurisdiction on an application for a rehearing. After the expiration of the statutory time with respect to the right of appeal, the original application has lost its legal force, and the proceedings with respect thereto must be considered closed. That principle applies to the case at bar, but the record shows that on January 5, 1925, new proceedings were instituted, and as before noted, the Industrial Commission took cognizance of these pro-

ceedings, and proceeded with all due deference to the law, and made the final order of September 8, 1926, and we think that the record shows that there was a finding to the extent that the merits of the case were reached as is shown by the following excerpt from the finding: "It was the finding of the Commission that a preponderance of medical proof indicates that claimant was fully compensated for all disability resulting from injury."

In *Industrial Commission* v. *Smith,* 110 Ohio St., 665, 145 N. E., 33, speaking on the point under discussion, the Supreme Court used the following language, which we think inevitably applicable to the case at bar: "The record of the proceedings of the Industrial Commission disclosing that subsequent to March 11, 1921, the date when it determined that the injury resulting in the death of the husband of the defendant in error was not sustained in the course of and arising out of his employment, the commission entered upon and held a rehearing, the commission will not be heard to say that a rehearing was not granted."

In line with our reasoning, we cite *Industrial Commission* v. *Willenborg,* 29 Ohio App., 162, 163 N. E., 212, where the right to appeal, under circumstances similar to those of the case at bar, was upheld. Any other view we think is inconsistent with the purpose of the statute, which was passed for salutary effect for the workmen of Ohio whose cases come within the statute. To hold that when a case of permanent and total disability arises there does not also arise with it the right to make application to the Industrial Commission, consistent with the new conditions, would be an anomaly. The right to

do this rests not upon the principle of revivor, because the old proceedings, if the time for the right of appeal has expired, cannot be resurrected, but to maintain that a new application to meet the unanticipated result of the original injury cannot be made to the commission is, in our judgment, contrary to the intent of the act and the practical effect of its provisions, which cannot be construed without taking into consideration the purpose of protecting the injured employee as well as the employer. In line with this doctrine, we turn to *Industrial Commission* v. *Monroe,* 27 Ohio App., 169, 161 N. E., 31, 32, and copy the following excerpt: ''When the application was made and granted, the commission reopened the whole matter. After it was reopened it is not disputed that the commission had power to make an award covering the newly discovered disability. If the commission had power to either allow or disallow compensation for this newly discovered disability, then it must follow that an appeal would lie from that action of the commission.''

Holding these views, the court of common pleas committed no error in entertaining jurisdiction by submitting the claim to the jury.

Now when we come to consider the question as to whether there is sufficient evidence of plaintiff's disability, we turn to the testimony of the surgeons, and especially that of Dr. H. H. Drysdale, from which we reproduce the following:

''This man came under my observation years ago and I suppose I have seen him not less than one hundred times. * * *

''Affiant further says that the man was persistent in his efforts to regain his health and that he long

ago reached the conclusion that his complaints were genuine. * * *

"Personally I believe that this man did sustain changes in his brain as a result of the blow on the head, and while it cannot be definitely localized it nevertheless is real. * * *

"In my judgment his complaints are real and he is a disabled workman."

It follows from all the foregoing that the judgment of the lower court should be affirmed.

*Judgment affirmed.*

VICKERY, P. J., and LEVINE, J., concur.