THE STATE, EX REL. BETTMAN, ATTY. GENL., *v.* THE JAMES R. CLOW & SONS CO.

(Decided May 8, 1930.)

*Mr. Gilbert Bettman,* attorney general, and *Mr. Oscar Brown,* for plaintiff in error.

*Messrs. Henderson, Burr & Randall* and *Mr. R. H. Treffinger,* for defendant in error.

SHERICK, J. Error is prosecuted to this court from the court of common pleas of Tuscarawas county. The parties stand in the same order as in the trial court.

On February 17, 1922, Frank Opphile, the claim-

ant herein, while in the regular course of his employment with the defendant corporation, which was a self-insurer under the Workmen's Compensation Act of Ohio, sustained an injury to an eye, a small piece of steel having struck him in the eye and become embedded therein.

Immediately after the injury the claimant went to the hospital in the company's plant and reported his injury to the physician permanently in charge thereof, from whom he received medical treatment. He was at once sent to a specialist, who treated the injury, and by whom he was advised that there was no foreign substance in the eye. The next day the claimant returned to work.

It is disclosed that the eye continued to cause trouble, and gradually grew worse, and there developed therein a traumatic cataract, which caused a complete loss of sight of the affected eye. It appears that in August, 1927, claimant, then employed by another party, was again hit by some substance in his injured eye. X-ray examination then disclosed that two pieces of steel were embedded in the eye. It became necessary to remove the eye. One segment of steel is shown to have been long embedded in the eye and to have been the cause of the claimant's blindness.

The record further shows that on the day of the injury the claimant told the company physician that he wanted compensation; and that the physician was the officer or agent of the company to whom reports of injury were made, and who cared for and looked after the securing of compensation for injured employees of the company. The physician also made out the applications and procured the sig-

natures of injured employees thereto. No written application was ever prepared, signed, or filed in this instance, and the claimant made no further application for compensation of the company other than that made on the date of injury. It appears that the corporation paid for the services rendered by the specialist to the claimant, and that it failed or neglected to further compensate the claimant for the injury.

On the 27th day of August, 1927, Opphile signed and filed an application with the Industrial Commission for compensation, and upon proper hearing, with notice to the defendant company, an award was made by the commission in favor of the injured employee in the sum of $1,500 for the loss of the eye, and on November 13, 1928, this suit was begun in accordance with the provisions of Section 1465-74 of the General Code. The amended petition alleges substantially the facts as herein set forth, and has attached thereto the record of the proceedings of the commission relative to the claim. The answer admits certain facts, and generally denies all others, and, further, alleges that the claimant failed to make application for compensation of either his employer or the commission within the period of two years after the date of injury.

The record of the commission at the trial was supplemented by considerable oral testimony, which tended to and did establish the facts stated. At the conclusion of the plaintiff's case defendant moved for a directed verdict, upon the theory that the evidence and pleadings failed to show that an application was made within a period of two years after date of injury. This motion the court sustained,

and judgment was rendered upon the verdict. A motion for a new trial was then made, which was overruled.

It is claimed by the state that the trial court erred in directing a verdict, and that its action thereon was contrary to law. This is, in fact, the only error urged in this court.

It is insisted by the defendant company that its motion was rightly ruled upon, for the reason that the state had failed to prove that the claimant had made proper application for compensation, either upon it or the Industrial Commission, within the two-year limitation prescribed by the statute.

This claim has necessitated a close examination of the record. We find it to have been proven that on the day of the injury the claimant did make an oral application for compensation upon the permanent medical attendant, at his office in the hospital in the company's plant. The corporation now insists that its physician was not the proper officer of the company upon whom application for compensation should have been made. It is, however, proved from the testimony of the employment officer of the company that its medical officer was the one to whom such reports of injury to its employees were usually made, and who in practically all instances prepared the applications for compensation and procured the injured employee's signature thereto. In view of this practice of the defendant company, it cannot now be heard to say that its physician was an improper officer of the company upon whom an application for compensation should be made, and it is estopped by its practice and conduct from so doing.

It is suggested that the application was prema-

turely made, and that a proper application could not have been made before the expiration of one week, due to the fact that an injury is not compensable until a week's unemployment has elapsed by reason of the injury. We find no merit in this theory; for it is settled in this state that the limitation of two years begins to run, that is, the cause of action of an injured employee accrues, as of the date of the injury. The statute, as it then read, does not read "two years and seven days," neither does it say that time shall begin to run from the time compensation is payable. See *Industrial Commission* v. *Kamrath,* 118 Ohio St., 1, 160 N. E., 470.

It further appeals to this court that the knowledge of the claimant's injury acquired by its medical agent or officer was knowledge to the company. Its officer, skilled in such matters, informed the employee that there was no particle of steel embedded in the eye. This was corroborated by the company's consultant specialist, and upon this advice, whether honestly, negligently, or falsely given, the employee relied, as he had a right to rely, and immediately returned to his work. Had an X-ray been used immediately, it no doubt would have shown the falsity of the physician's diagnosis, and claimant's eye would have been saved.

It seems to this court that this self-insurer was derelict in its duty in not using the most approved methods and appliances in order that it might be determined that the claimant's eye, perhaps the most delicate organism of the body, was not permanently injured, or that a permanent injury might not be the natural result thereof. We believe it to have been the duty of the company in this instance,

through its medical officer, to have discovered the foreign body in the eye, or to have thereafter examined the eye and ascertained if the injury would cause a permanent disability.

The company's claim, as now made, that the employee should have made written application for compensation to it within the two-year period, must fall upon deaf ears. Surely it is not the intention of the Workmen's Compensation Act that a self-insurer may honestly or wrongfully advise its employee that it believes him to have sustained no permanent injury and thereby escape liability, when it afterwards develops that such is not true.

It is settled by the case of *W. S. Tyler Co.* v. *Rebic*, 27 Ohio App., 314, 161 N. E., 356, and approved of by the Supreme Court in its opinion in the same case, reported in 118 Ohio St., 522, 161 N. E., 790, that an oral application for compensation by an injured employee given his self-insuring employer is sufficient. We are of opinion that the law does not require such oral application to be in any particular form, but that it shall be made so that the same is understandable to the employer.

It is a peculiar coincident in this case that in August, 1927, the claimant was again struck by a particle of steel in the same eye. The eye at that time was blind. Upon an X-ray examination, and a dissection of the eye after its removal, two pieces of steel were found therein, one bright and new, and one rusted and showing evidence of long sojourn in the eye, which was the cause of the cataract and blindness. The inference must follow that one segment of steel had entered the claimant's eye at the time of the first injury.

It is held in the *Rebic case, supra,* that the filing of an oral application for compensation constitutes commencement of a proceeding sufficiently to confer jurisdiction for a subsequent appeal from an adverse decision of the Industrial Commission. This being true, it must follow that the same rule has application where the claimant is successful before the commission. We, therefore, hold that it was a question for the jury to decide, under proper instruction, whether there had been an understandable oral application for compensation made to the employer, within the two-year period.

We find no further provision of the act fixing a time within which a neglected employee of a self-insurer shall proceed further with his claim before the Industrial Commission. We can fix no time limit for so doing. That is the province of the Legislature.

It is said in *St. Marys Gas Co.* v. *Brodbeck,* 114 Ohio St., 423, 429, 151 N. E., 323, 325, that the scintilla rule is still the law of Ohio, "which must be applied and respected by courts, regardless of their belief in the soundness of the rule."

The oral testimony in the record discloses, irrespective of the certified copy of the record of proceedings had before the Industrial Commission, as attached to the amended petition, that there is some evidence on all the essential facts necessary to have been proven by the state in this case; and that it was the province of the jury to determine those facts and not for the court.

It is stated in the defendant's memorandum of authorities that: "An employer, when sued under the provisions of Section 1465-74, General Code, for

the compensation fixed by the commission, may contest the basic legal questions necessary to be determined by the commission before making such award, and is entitled to trial by jury upon all questions, excepting only that in the event the issues are resolved in favor of the plaintiff the amount of the verdict will be the sum fixed by the Commission under the schedules provided in the statute."

*Fassig* v. *State, ex rel.,* 95 Ohio St., 232, 116 N. E., 104, and later decisions are named as authority for the rule.

We agree that these holdings are sound law, and applicable to this suit.

We hold it to be the rule in actions of this character, and where a motion is made for a directed verdict at the conclusion of the state's case, that the testimony and all reasonsable inference therefrom shall be given the most reasonable and favorable interpretation to the state.

This court, therefore, concludes that the trial court erred in sustaining the motion, and that its action thereon was prejudicial error.

The cause will therefore be reversed and remanded for further proceedings as provided by law.

*Judgment reversed and cause remanded.*

LEMERT, P. J., and HUGHES, J. (of the Third Appellate District), concur.