Day, J.
 

 The questions presented here are, first, whether the appeal from the denial of the claim of Rebic by the Industrial Commission was governed by Section 1465-90, General Code, as amended in 111 Ohio Laws, p. 227, effective July 14,1925, or whether it is controlled by said section as it existed prior to said date; and, second, whether or not the employee had the right to give oral testimony in the trial of the appeal in the court of common pleas.
 

 If the so-called oral application of June 6, 1925, by Rebic to his employer for compensation is sufficient to constitute a “pending proceeding” within the meaning of Section 26, General Code, it must follow that the law as it existed prior to the amendment effective July 14, 1925, controls the situation.
 

 Section 26, General Code, reads as follows:
 

 “Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal,
 
 *525
 
 unless otherwise expressly provided in the amending or repealing act. ’ ’
 

 A proceeding in the enforcement of a civil right is an act necessary to be done in order to attain a given end. It is á prescribed mode of action for carrying into effect a legal right. Section 1465-74, General Code, provides:
 

 “And any employee whose employer has elected to pay compensation to his injured * * * employees * * * may,
 
 in the event of the failure of his employer to
 
 [so]
 
 pay such compensation * * *
 
 file his application with the [State Liability Board of Awards] for the purpose of having the amount of such compensation * * * determined.”
 

 Until the employer has
 
 failed
 
 to pay, the employee may not file his claim with the commission. The establishment of this failure to pay by the employer was the first step taken by the employee in the enforcement of his claim. True, the employee might have waited an indefinite time to satisfy himself of “the event of the failure of his employer to so pay” before filing his claim with the commission. He might also establish this jurisdictional fact of the failure of the employer to pay by going to him and making demand, and, if he met with refusal, such demand would constitute the first step in his proceeding to obtain compensation.
 

 In the cases,
 
 Indus. Comm.
 
 v.
 
 Vail (Indus. Comm.
 
 v.
 
 Kenemy),
 
 110 Ohio St., 304, 143 N. E., 716, this court held:
 

 “An application for compensation under the Workmen’s Compensation Law (Gen. Code, Sections 1465-37 to 1465-108) filed with the Industrial Commission of Ohio prior to August 16, 1921, the
 
 *526
 
 date the amendment to Section 1465-90, General Code, became effective, is a proceeding within the provisions of Section 26, General Code, which ripens into an action upon an appeal from a denial of such claim by the Industrial Commission, and the amendment is not applicable in the trial of such action. The judgment of the Court of Appeals is affirmed in both cases.”
 

 Accordingly, the only thing necessary to decide is whether or not this particular matter was a pending proceeding prior to July 14, 1925.
 

 Entertaining this view that the oral demand made by Rebic of his employer on June 6, 1925, .was of such character as to constitute his claim a “pending proceeding,” we think the principle of the
 
 Vail case
 
 applies, and our conclusion is that the judgment of the court below upon this point was correct.
 

 Second, the remaining question is whether or not the oral testimony of Rebic as to his demand was properly admissible. We think this question has been decided in the case of
 
 Indus. Comm.
 
 v.
 
 Hilshorst,
 
 117 Ohio St., 337, 158 N. E., 748, and that the Court of Appeals committeed no error in refusing to reverse upon that ground.
 

 Upon the entire record, it is our conclusion that no prejudicial error exists, justifying a reversal of the judgment of the Court of Appeals, and said judgment is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Allen, Kinkade and Jones, JJ., concur.
 

 Robinson and Matthias, JJ., dissent from proposition 1 of the syllabus and from the judgment.