Marshall, C. J.
 

 The sole question for determination in both of these controversies is whether the
 
 *48
 
 amendment of Section 11224, reducing the period within which personal injury suits may be brought from four years to two years, will apply to causes of action existing at the time of the effective date of the enactment. Neither of the controversies was a pending suit at the time of such effective date, and both controversies were existing causes of action on that date. The same legal questions therefore apply to both, and will therefore be considered and decided together.
 

 The case concerns the statute of limitations, and concededly relates to the remedy. This has been so often decided that elaborate citation of authority is unnecessary. One of the earlier eases is that of
 
 Sturges
 
 v.
 
 Crowninshield, 17
 
 U. S. (4 Wheat.), 122, 4 L. Ed., 529. It has been so declared in this court in a large number of cases.
 

 Except where constitutional provisions expressly forbid, the Legislature has power to make, amend, and repeal laws relating to the remedy, and make the same applicable, not only to existing causes of action, in which suits have not been instituted, but even in pending suits. Section 28 of Article II of eke Ohio Constitution denies to the General Assembly the power to pass retroactive laws. It has, how-’ ever, been decided in numerous eases that retroactive laws refer to those which create and define substantive rights, and which either give rise to, or take away, the right to sue or to defend actions at law. It has been further declared at numerous times that a statute which is remedial in its operation on rights, obligations, duties, and interests already existing is not within the mischiefs against which that clause of the Constitution was intended to safe
 
 *49
 
 guard, and the remedial statutes do not even come within a just construction of its terms.
 
 Rairden
 
 v.
 
 Holden, Admr.,
 
 15 Ohio St., 207;
 
 Templeton
 
 v.
 
 Kraner,
 
 24 Ohio St., 554. Under these well-settled rules of interpretation, there is no constitutional inhibition in the state of Ohio against the enactment of laws relating to the remedy and against making them applicable to pending actions and existing causes of action. This gives rise to the further question whether a cause of action existing at the time of the amendment of a remedial statute is a vested right. If it is such vested right, it could not, in any event, be taken away altogether. On the theory that a right to sue once existing becomes a vested right, and cannot be taken away altogether, it does not conclusively follow that the time within which the right may be asserted and maintained may not be limited to a shorter period than that which prevailed at the time the right arose, provided such limitation still leaves the claimant a reasonable time within which to enforce the right. This proposition has been elaborately discussed in the text-books, but nowhere has the rule been better stated than in
 
 Terry
 
 v.
 
 Anderson,
 
 95 U. S., 628, at page 633, 24 L. Ed., 365. It is there stated:
 

 ‘£ The parties to a contract have no more a vested interest in a particular limitation which has been fixed, than they have in an unrestricted right to sue. They have no more a vested interest in the time for the commencement of an action than they have in the form of the action to be commenced; and as to the forms of action or modes of remedy, it is well settled that the legislature-may change them at its
 
 *50
 
 discretion, provided adequate means of enforcing the right remain.”
 

 The court proceeded further to say that the question became one of reasonableness, and that the only problem for the court to consider is as to whether the time allowed in the statute is reasonable. The conclusion was reached that the Legislature is primarily the judge. The amendment to Section 11224, General Code, shortening the period from four years to two years, did not provide in terms that the enactment should go into effect at a future date. It was not passed as an emergency measure. Section lc of Article II of the Constitution of Ohio, as amended in 1912, which amendment became effective October 1, 1912, provides that, except in emergency legislation, “no law passed by the general assembly shall go into effect until ninety days after it shall have been filed by the governor in the office of the secretary of state * *
 

 When the amendment was filed by the Governor in the office of the secretary of state on May 4, 1927, the parties to this controversy had ninety days within which to begin their respective actions, which period in cause No. 21993 would have been one year and six months after the injury occurred, and in cause No. 22129 the plaintiff would have had one year and four months from the time the cause of action accrued. As a matter of fact, Smith waited for more than a year after the effective date of the amendment. Sr oka, who might have filed his suit on April 10,1928, which would have been more than eleven months after the amendment was filed in the office of secretary of state, in fact filed his petition on January 28, 1929, more than a year and eight
 
 *51
 
 months after he was charged with notice of the amendment of the statute.
 

 Upon the authority of the declaration of the United States Supreme Court in
 
 Terry
 
 v.
 
 Anderson, supra,
 
 the Legislature must be the primary judge of the reasonableness of the limitation, and the people of Ohio in their Constitution have fixed that period as such reasonable limitation. It cannot therefore be said that, whatever right vests in one who has suffered personal injury to recover damages from a tort-feasor has been taken away altogether by the enactment of Section 11224-1; neither can it be claimed that an unreasonable limitation has been effected by the change.
 

 It clearly appearing that the Legislature is free to act in remedial legislation, subject only to the requirement that any change which may possibly affect vested rights should give a reasonable time within which to enforce such rights, let us inquire what action the Legislature has taken in such matters. The first legislation in Ohio upon this subject is found in the enactment of April 8, 1856 (53 Ohio Law, 153), which provided in substance that repeals shall in no manner affect pending actions founded thereon, nor causes of action not in suit prior to such repeal, unless the repeal so provided. This statute was amended February 19, 1866 (63 Ohio Law, 22), which broadened the statute without making substantial changes. A very substantial change was made in the statute in the revision of 1880, when it became Section 79 of the Revised Statutes, as follows:
 

 “Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pend
 
 *52
 
 ing actions, prosecutions, or proceedings, civil or criminal, and -when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.”
 

 In the enactment of the General Code in 1910, Section 79 of the Revised Statutes became Section 26 of the General Code, without any change in the language of the section. Inasmuch as the amendment of Section 11224 made no provision as to the time it should become effective, these controversies turn entirely upon the true interpretation of Section 26, and more especially of the following language: “And when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed * * *.” The Legislature has provided in terms that, when the amendment or repeal relates to the remedy, it shall not affect pending actions, unless so expressed. In this present controversy no action had yet been brought. Section 26 does not expressly provide that it shall not in remedial matters affect existing causes of action upon which suit had not been begun at the time the amendment or repeal went into effect. Was this an oversight? If so, it can mate no difference in judicial interpretation, if the language is plain, clear, and unambiguous. The section is an amendment of the act of 1866, and the amendment is in-artificially drawn, and manifestly any lawyer having in mind the problems which are presented in this
 
 *53
 
 controversy would have been able to frame it with such accuracy of expression as to avoid controversy or even argument. The difficulty has arisen out of the fact that several separate and distinct matters have been covered in a single section. It is manifest, however, that remedial matters are only referred to in the one sentence, and that sentence is segregated from what precedes and from what follows. It is segregated from what precedes by the conjunction “and” and what follows by the conjunction “nor.” Was it illogical to deny applicability to pending actions and leave remedial repeals and amendments to operate upon existing causes of action? A moment’s thought will convince that it is not only logical, but that any contrary provision would render the amendment or repeal unconstitutional, as measured by the rule in
 
 Terry
 
 v.
 
 Anderson, supra,
 
 which has been numerous times quoted with approval in other decisions.
 

 It is apparently the view of the plaintiffs below that the language of the sentence which follows is so connected with the part under construction that the words “any repeal or amendments” include remedial repeals and amendments. If that was the intention of the General Assembly, the word “such” would have operated to clearly express the intention. The maxim
 
 “expressio unius est exclusio alterius”
 
 applies. Having limited the language to pending actions, it will be presumed that the legislative intent was exhausted, and that it was intended to exclude existing causes of- action. Numerous cases have been cited and discussed by counsel for the respective parties. A number of such cases were decided before the enactment of 1880, when the special
 
 *54
 
 provisions relating to remedial rights did not constitute a part of the statute (Act of February 19, 1866, 63 Ohio Law, 22). Those decisions are not therefore helpful, except that they sanction the proposition that the Legislature has a free hand in remedial legislation untrammeled by the constitutional provision relating to retroactive legislation. Those cases- are as follows:
 
 Sapp
 
 v.
 
 Laughead,
 
 6 Ohio St., 174;
 
 Rouse
 
 v.
 
 Chappell,
 
 26 Ohio St., 306;
 
 Westerman
 
 v.
 
 Westerman,
 
 25 Ohio St., 500;
 
 John
 
 v.
 
 Bridgman,
 
 27 Ohio St., 22;
 
 Warner
 
 v.
 
 B. & O. Rd. Co.,
 
 31 Ohio St., 265, and
 
 Peters
 
 v.
 
 McWilliams,
 
 36 Ohio St., 155. Numerous other decisions have been rendered by this court since the enactment of the statute in 1880.
 
 Hartnett
 
 v.
 
 State,
 
 42 Ohio St., 568;
 
 Palmer
 
 v.
 
 State,
 
 42 Ohio St., 596;
 
 Trustees of Canaan Tp.
 
 v.
 
 Board of Infirmary Directors,
 
 46 Ohio St., 694, 23 N. E., 492;
 
 State, ex rel. Construction Co.,
 
 v.
 
 Rabbitts,
 
 46 Ohio St., 178, 19 N. E., 437;
 
 Elder
 
 v.
 
 Shoffstall,
 
 90 Ohio St., 265, 107 N. E., 539;
 
 Kelley, Judge,
 
 v.
 
 State, ex rel. Gellner,
 
 94 Ohio St., 331, 114 N. E., 255, and
 
 Travelers’ Ins. Co.
 
 v.
 
 Myers,
 
 59 Ohio St., 332, 52 N. E., 831.
 

 It is claimed by counsel for plaintiff below that the opinion of Judge Minshall in
 
 Travelers’ Ins. Co.
 
 v.
 
 Myers,
 
 contains declarations which are decisive of this controversy, and it must be admitted that the language of that opinion, if necessary to a decision of that case, would be an authority for plaintiff’s contention. That decision turned upon the technical distinction between a cause of action and a proceeding, and it certainly was not necessary in the course of the opinion to declare, as was declared, that the statute under interpretation in that case, inter
 
 *55
 
 preted in the light of Section 79, Revised Statutes (now Section 26 of the General Code),, should have application to existing causes of action as distinguished from pending actions. On the other hand, the defendants in error in this controversy cite, discuss, and rely upon the case of
 
 Elder
 
 v.
 
 Shoffstall, supra.
 
 The second syllabus in that case is directly applicable to the instant controversy, and if a sound proposition, is decisive. It reads: “This amended section relates to the remedy only and applies to all actions commenced in the common pleas courts of this state on and after the 14th day of May, 1913, regardless of the time when the cause of action arose.” The remedial statute under interpretation in that case became effective on May 14, 1913. Applying that declaration to the instant case, Section 11224-1 applies to all actions commenced in the trial courts of this state on and after August 2, 1927, regardless of the time the cause of action arose.
 

 Again it is said, and with some reason, that the declaration is
 
 obiter;
 
 and, even though it is carried into the syllabus, it was not necessary to a decision of the controversy then before the court, because the case was pending when the statute then under interpretation went into effect.
 

 In the instant case, for the first time, there has been brought to this court the question of the applicability of a remedial amendment to an existing cause of action which had not been brought at the time the amendment went into effect.
 

 It must be borne in mind that, when the Legislature had the amendment to Section 11224 under consideration in 1927, the ease
 
 of Elder
 
 v.
 
 Shoffstall
 
 had been decided, and it will be presumed that the Legis
 
 *56
 
 lature knew that, if no time was fixed by express enactment for the amendment to go into effect, then it would not become effective as to pending actions, but that it would become effective as to all existing causes of action not yet filed in any court. It must also be presumed that the Legislature knew that the constitutional inhibition against retroactive laws had been interpreted to apply only to laws relative to substantive rights, and the laws relating to the remedy were not included within such inhibition. It must also be presumed that the Legislature then knew that, if the amendment were silent on the subject, it could not go into effect as to pending actions until ninety days after being filed by the Governor in the office of the secretary of state.
 

 Section 26, as interpreted in
 
 Elder
 
 v.
 
 Shoffstall,
 
 must be read into the amendment and made a part of it the same as if expressly made one of its terms. The situation is therefore the same as though the Legislature had expressly stated that it should apply to pending actions, but should have no application to existing causes of action. The judgment of the Court of Appeals in cause No. 21993, in sustaining the demurrer, will be affirmed. The judgment of the Court of Appeals in cause No. 22147, in overruling the demurrer to the petition, will be reversed. Cause No. 22129 will be dismissed upon the authority of
 
 Miner
 
 v.
 
 Witt,
 
 82 Ohio St., 237, 92 N. E., 21. It having been adjudged that the suit was not filed within the time limited for such actions, suit could not be maintained in any event against the county commissioners.
 

 .Judgment affirmed in cause No. 21993.
 

 
 *57
 

 Cause No. 22129 dismissed.
 

 Judgment reversed and final judgment for plaintiff in error in cause No. 22147.
 

 Kinkade, Jones, Matthias, Day and Allen, JJ., concur.