# 472

## DICK v McKELVEY CO

Ohio Appeals, 7th Dist, Mahoning Co
Decided June 6, 1930

Knight & Gluck, Youngstown, for Dick.
Harrington, DeFord, Huxley & Smith, Youngstown, for McKelvey Co.

**POLLOCK, J:**

The plaintiff in error brought an action against G. M. McKelvey Company, which is engaged in the conduct of a general store in this city, in which she alleges that on February 20th, 1925, she entered this store for the purpose of making a purchase and as she was leaving an elevator she tripped and fell and suffered personal injury thereby; that this was caused by the negligence of the company in operating their elevator. There was an answer filed which raised several defenses and one of them is the defense of two year satute of limitations. A jury was called and the case went to trial in the Court of Common Pleas to a jury, and at the close of the statement of the plaintiff in the case a motion was made by the defendant to direct a verdict, on the ground that the action was not brought within the statutory period of limitations.

It appeared in the opening statement of counsel, and also in the petition, that the injury had occurred as we have stated, on the 20th of February, 1925. A petition was filed in the Court of Common Pleas on September 26th, more than three years after the accident had occurred. The cause of action arose prior to the amendment to 11224-1 GC which is the statute of limitations for personal injury actions, limiting the action to two years. This action, as we have said, arose prior to the amendment we have spoken of. The action was not filed in the court below until after the amendment had become effective.

The Supreme Court in the case of **Tilby L. Smith vs. New York Central Railroad Company**, a very recent case, (See 8 Abs 192; 170 NE 637; 122 Oh St 45, has held that where the cause of action arose prior to the amendment, but that the petition was not filed until after the amendment became effective, that the two year statute applies, and as that is the case in this present action that we are considering, the judgment of the court below was well taken, and it is affirmed.

Roberts and Farr, JJ, concur.