## MATTHEWS v RAFF, Admr, et

Ohio Appeals, 5th Dist, Stark Co

Decided Feb 16, 1933

Holliday, Grossman & McAfee, Cleveland, and Hart, Drukenbrod & McHenry, Canton, for plaintiff in error.

Robert H. Jamison, Cleveland, and William Simpson, Canton, for defendants in error.

**OPINION**

By SHERICK, PJ.

It is reasoned that, if the trial court was right, the new two-month section is given a retroactive interpretation, and since a reasonable time was not provided for the bringing of suit after the effective date of the section, it would be unconstitutional if so construed. As a second ground, it is urged that §26, GC, provides that remedial mandatory statutes are not applicable to proceedings pending on the effective date of such statutes.

The plaintiff maintains that his presentation of claim and its rejection was a commencement of his action, and that thereby it was a "pending proceeding" before the statute's effective date; that is, January 1, 1932. In support thereof he relies on the case of **W. S. Tyler Co. v Rebic, 118 Oh St, 522, 161 NE, 790.** It is our opinion that this case is not authority for this view. It concerned the doing of an act prerequisite to conferring jurisdiction upon the Court of Common Pleas in review of an industrial relations matter. The averment of presentation and rejection of a claim as against a decedent's estate is not jurisdictional. It may be waived by the estate, and the court's jurisdiction be not withdrawn thereby.

We are of the further view that §26, GC, has no application to the question presented. This section is not a constitutional provision. One Legislature cannot by its act limit the scope and effect of an act of a later Legislature, when the subsequent act provides therein what the earlier act anticipated might be omitted from a section thereafter enacted.

It is well recognized that statutes of limitations concern the remedy, in which no one has a vested right when a reasonable time is provided for the assertion of his claim. §10509-133, GC, provides that such an action shall now be brought within two months from the rejection of the claim. The act was passed on April 10, 1931, and it was approved by the Governor on April 25. On May 5 it was duly filed with the secretary of state. On August 3, 1931, the ninety days having expired, it became the law of this state, as provided by constitutional provision.

It is thereby apparent that the claim was not presented until after the act became a law. Remedial statutes may have a retroactive effect when a reasonable time has been provided for prosecution of causes of action then existing. The Legislature, in the enactment of this section, provided such a reasonable time, for we take the majority view that one must take notice of an act at the time of its passage, rather than its effective date. If this were not true, our constitutional referendum provision would be based upon a meaningless theory.

We therefore hold the opinion that the two-month statute applies in this case, that the plaintiff's claim was barred after January 13, 1932, and that the trial court did not err in its action, for the statute deals with the time of pursuing the remedy, and not with the time that the right to pursue it arrives, as is said in Philadelphia Na-

tional Bank v Raff, Admr., ——F. Supp., ——, in the United States District Court for the Northern District of Ohio, Eastern Division, decided January 27, 1933. We further feel that **Smith v New York Central Rd. Co.**, 122 Oh St, 45, 170 NE, 637, and Terry v Anderson, 95 U. S. 628, 24 L. Ed., 365, fully support the view taken.

We deem it unprofitable to engage in a long consideration of the three sections drawn in question, or to consider the matter of the seeming conflict of §10512-25, GC, with §16 of Article II, and §1c of Article II, of the Ohio Constitution. The judgment is affirmed.

Judgment affirmed.

LEMERT and MONTGOMERY, JJ, concur.