Common Pleas Court of Hamilton County.

RITA L'ARCHER V. MARTIN ROSENBERGER.

Decided October 16, 1933.

*R. E. Simmonds, Jr., William S. Schwartz* and *Harry L. Winer,* for plaintiff.

*A. A. Rendigs, Jr.,* and *Edward Lee Meyer,* for defendant.

SCHWAB, J.

This case is before the court upon demurrer filed on behalf of the defendant against the petition of the plaintiff, on the ground that the petition fails to state a cause of action.

The petition recites that the plaintiff and defendant are residents of the state of Ohio, and that on the 29th day of December, 1932, the plaintiff was a passenger in an automobile being operated by the defendant, and that on that day plaintiff was injured as a result of the negligent operation of the car by the defendant, in the state of Indiana.

The petition herein was filed on June 9, 1933.

In support of the demurrer counsel cites Section 6308-6, General Code, which reads as follows:

"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof,

unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

This section became effective June 14, 1933. It is conceded by counsel for the plaintiff that willful and wanton negligence is not charged against the defendant. The petition was drawn and filed at the time when by operation of the common law a guest was permitted to recover against the driver of the automobile in which he was riding for the want of ordinary care on the part of such driver.

It is argued on the part of the defendant in support of the demurrer that Section 6308-6, General Code, affects the remedy only of the plaintiff, and therefore, unless the petition charges willful and wanton negligence, the demurrer should be sustained.

Section 28, of Article II, of the Ohio Constitution denies to the general assembly the power to pass retroactive laws, as follows:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects and errors in instruments and proceedings, arising out of their want of conformity with the laws of this state."

In the case of *Smith* v. *New York Central Railroad Co.*, *et al.*, reported in 122 Ohio St., 45, the first syllabus reads as follows:

"A statute which relates exclusively to remedial rights is not within the purview of the constitutional inhibition against the legislative enactment of retroactive laws."

Chief Justice Marshall, writing the opinion of the court in this case, at page 48 has this to say with reference to the power of the legislature to enact retroactive laws:

"It has, however, been decided in numerous cases that retroactive laws refer to those which create and define substantive rights, and which either give rise to, or take away, the right to sue or to defend actions at law. It has been further declared at numerous times that a statute

which is remedial in its operation on rights, obligations, duties and interests already existing is not within the mischiefs against which that clause of the Constitution was intended to safeguard, and the remedial statutes do not even come within a just construction of its terms."

He further writes:

"Under these well settled rules of interpretation, there is no constitutional inhibition in the state of Ohio against the enactment of laws relating to the remedy and against making them applicable to pending actions and existing causes of action."

Section 26, General Code, provides as follows:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

While Section 6308-6, General Code, is not a repeal or amendment to any statute, it certainly operates to change the common law. On the argument that it is remedial, by the terms of the act itself, it is not made applicable to pending actions or existing causes of action. It would therefore seem to the court that the act which became effective on June 14th, even though remedial, should not affect a pending case filed in this court five days before the law became effective.

However, the court is of the opinion that Section 6308-6, General Code, creates and defines substantive rights. It is a restriction on the right at common law to sue the driver of an automobile for the want of ordinary care. It places the plaintiff in the same position as far as his recovery is concerned as a trespasser.

In the opinion of the court, therefore, Section 6308-6, General Code, comes directly within the provisions of the state Constitution heretofore quoted against retroactive legislation and does not apply to the case at bar. Such being the conclusion of the court, the demurrer to the petition is not well taken and the same will be overruled.