## PHILADELPHIA NAT. BANK v. RAFF.
### No. 6500.

Circuit Court of Appeals, Sixth Circuit.
April 12, 1935.

ALLEN, Circuit Judge, dissenting.

———◆———

H. C. Corry and O. T. Martin, both of Springfield, Ohio (Morgan, Lewis & Bockius, of Philadelphia, Pa., and Martin & Corry, of Springfield, Ohio, on the brief), for appellant.

R. H. Jamison, of Cleveland, Ohio (William Simpson, of Canton, Ohio, and Robert F. Lee, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

Section 26 of the General Code of Ohio provides: "Whenever a statute is repealed or amended, such repeal or amendment shall

in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed. * * * "

On April 10, 1931, the General Assembly of Ohio enacted section 10509-133 of the Ohio General Code, to become effective January 1, 1932 (Ohio General Code, § 10512-25). This statute provides that an action on a claim against the estate of a deceased person shall be brought within two months after the rejection of the claim by the executor or administrator and not thereafter. In the earlier statute the limitation on such actions was six months after the rejection of the claim by the executor or administrator. Ohio General Code, § 10722. This is a suit on three promissory notes executed by Z. W. Davis, deceased. The notes were presented to the appellee, the administrator of Davis, for payment in July of 1931 and rejected on October 29, 1931. Suit was filed on February 13, 1932. The District Court dismissed the petition on the ground that more than two months had elapsed from the date of the rejection of the claim by the administrator before the bringing of the action. 4 F. Supp. 230. The appellant contends (1) that by virtue of section 26 it had six months from the date of the rejection of the claim—the period fixed by the old statute—in which to bring its suit; and (2) if the new statute is applicable, it had two months from the effective date of that statute.

The question under the first contention is whether a claim which has been presented to and rejected by the administrator of a decedent's estate and on which no suit has been brought is a pending proceeding within the meaning of section 26. This question has never been determined by the Supreme Court of Ohio. The appellant relies upon two cases—Industrial Commission v. Vail, 110 Ohio St. 304, 143 N. E. 716, and Tyler Co. v. Rebic, 118 Ohio St. 522, 161 N. E. 790. The per curiam opinion in the Vail Case states merely that an application for compensation under the Workmen's Compensation Law filed with the Industrial Commission of Ohio prior to the effective date of an amendment to the Law "is a proceeding, within the provisions of section 26, General Code, which ripens into an action upon an appeal from a denial of such claim by the Industrial Commission, and the amendment is not applicable in the trial of

such action." The opinion does not show when the application was denied by the Industrial Commission. In the Rebic Case the syllabus states: "An oral application for compensation, given by an injured employee to his self-insuring employer, which application is refused by his employer, constitutes the commencement of a 'proceeding' sufficient to confer jurisdiction for a subsequent appeal from an adverse decision of the Industrial Commission." The statement of the case in the report says that the employee "claims to have made an oral demand upon the employer * * * June 6, 1925," that the demand was rejected, and the employee made application to the Industrial Commission September 4, 1925. The new statute became effective July 14, 1925. It does not appear in the syllabus, the statement of the case, or the opinion when the employee's demand was rejected by the employer. Even if the court was dealing in these cases with demands rejected by an employer or the Industrial Commission before the new acts became effective, the cases are not determinative of the issue at bar, because they are only "authoritative to the extent of the precise question decided, and no farther." Southern Ry. Co. v. Simpson, 131 F. 705, 709 (6 C. C. A.); In re Sullivan (C. C. A.) 148 F. 815, 817; Armstrong v. McAdams (C. C. A.) 46 F.(2d) 931, 933; Bodenheimer v. Confederate Memorial Ass'n (C. C. A.) 68 F.(2d) 507, 510. To say that we must imply from these two cases that the filing of a claim with the administrator of a decedent's estate is the commencing of a proceeding within the meaning of the statute would be to say that we must surmise what the Supreme Court of Ohio would hold in such circumstances and give the statute a construction which the court has never given it. This we are no more required to do than we would be required to imply that any precedent step to the filing of an action such as notice of protest on a check, notice to quit possession, or the presentation of a promissory note for payment is the commencement of a proceeding. Neither of the cases demands such implication, nor is either of them determinative of the question. Lacking a controlling decision by the highest court of the state, we must determine the meaning of the statute with reference to the situation here presented for ourselves. Portneuf-Marsh Co. v. Brown, 274 U. S. 630, 637, 47 S. Ct. 692, 71 L. Ed. 1243. We cannot think that a "proceeding" was commenced by the filing of a claim with the administrator, but even if it

was, the proceeding was terminated upon the rejection of the claim, and the appellant then had no proceeding at all—only the right to bring suit. This right was not asserted in an action filed prior to and pending at the time the statute became effective, and section 26 has no application to such rights or causes of action. Smith v. N. Y. C. R. Co., 122 Ohio St. 45, 56, 170 N. E. 637. Our conclusion that there was no pending proceeding at the time the statute became effective is supported by the decision of an appellate court of the state in Matthews v. Raff, Adm'r, 45 Ohio App. 242, 186 N. E. 887.

 Nor do we think limitation did not begin to run until the effective date of the new statute. The statute provides that the date for the starting of the limitation shall be the date of the rejection of the claim. It is true that in Sohn v. Waterson, 17 Wall. (84 U. S.) 596, 21 L. Ed. 737, a statute of limitation was given a prospective operation. That rule of construction was resorted to, however, to avoid holding the statute unconstitutional because of failure to make provision for a reasonable time for commencing action before the bar of the statute took effect. See Terry v. Anderson, 95 U. S. 628, 632–633, 24 L. Ed. 365; McGahey v. Virginia (In re Brown), 135 U. S. 662, 701, 705, 10 S. Ct. 972, 34 L. Ed. 304; Turner v. New York, 168 U. S. 90, 94, 18 S. Ct. 38, 40, 42 L. Ed. 392. In the Turner Case it was said: "It is well settled that a statute shortening the period of limitation is within the constitutional power of the legislature, provided a reasonable time, taking into consideration the nature of the case, is allowed for bringing an action after the passage of the statute, and before the bar takes effect." The act here under consideration was passed in April, 1931. It was one of the public acts of the General Assembly of Ohio, and the appellant is presumed to have had notice of it. Appellant had the right to bring suit on its claim at any time between October 29, 1931, and December 31, 1931, and no reason is shown why it did not do so. In view of the need for the early settlement of decedents' estates, this period cannot be considered unreasonably short.

The judgment is affirmed.

### ALLEN, Circuit Judge (dissenting).

I cannot concur in the conclusion that these claims were outlawed by a statute which, under its express provisions, took effect upon January 1, 1932. The petition was filed February 13, 1932, well within the two months' period. To hold that these actions were barred before two months after January 1, 1932, had elapsed is to give effect to a statute prior to its own effective date.

In addition, the presentation of the claims constituted a pending proceeding within the saving provisions of section 26 of the General Code of Ohio, and were not affected by the amendment.

This view of the case is correct unless the decisions of the Ohio court of last resort are ignored. While section 26 does not exempt causes of action from the operation of amending or repealing statutes (Elder & Co. v. Shoffstall, 90 Ohio St. 265, 107 N. E. 539; Smith v. New York Central R. Co., 122 Ohio St. 45, 170 N. E. 637; Beckman v. State, 122 Ohio St. 443, 172 N. E. 145), it has repeatedly been applied to save pending actions, prosecutions or proceedings from such operation. City of Cincinnati v. Davis, 58 Ohio St. 225, 50 N. E. 918; State ex rel. Andrews et al., Com'rs, v. Zangerle, Auditor, 101 Ohio St. 235, 128 N. E. 165; Industrial Commission v. Vail, 110 Ohio St. 304, 143 N. E. 716; W. S. Tyler Co. v. Rebic, 118 Ohio St. 522, 161 N. E. 790.

Also the Supreme Court of Ohio has repeatedly held that steps taken in the enforcement of legal rights similar to steps taken in the presentation of these claims constitute pending proceedings. In Irwin v. Bank of Bellefontaine, 6 Ohio St. 81, steps taken to perfect an appeal were held to constitute a proceeding. In Raymond v. City of Cleveland, 42 Ohio St. 522, it was declared that the various steps in council and before the boards (of improvements and of equalization) constituted a proceeding. In City of Cincinnati v. Davis, supra, the court declared that the resolution of necessity for the improvement of an alley was a pending proceeding. To the same effect is State ex rel. Andrews et al., Com'rs, v. Zangerle, Auditor, supra. These adjudications certainly establish the principle that the word "proceeding," within the State of Ohio, as stated in Raymond v. City of Cleveland, supra, 42 Ohio St. at page 529, has a broad connotation, and is not limited to litigation in nature of a suit.

The cases closest in analogy to the instant case are Industrial Commission v. Vail, and W. S. Tyler Co. v. Rebic, supra. The first of these involved an application to the Industrial Commission for compensation under the Workmen's Compensation Act; the second, an oral application under the

same act to a self-insuring employer who certainly has neither judicial nor official status. The Supreme Court decided in both cases that the making of the application constituted a pending proceeding. It is evident, therefore, that in the State of Ohio, as laid down by a long line of decisions, the word "proceeding" means "a prescribed mode of action for carrying into effect a legal right." W. S. Tyler Co. v. Rebic, supra. No definition could fit the facts of this case more accurately. Here the statute specifically prescribes the mode of action for enforcing a legal right against a decedent's estate. The first prerequisite is the presentation of the claim to the executor or administrator for approval or rejection. In a suit against an executor or administrator on a claim against an estate, it must be proved that the claim upon which the suit is based has been presented to and rejected by the executor or administrator. Keenan v. Saxton's Adm'rs, 13 Ohio, 41; Harter, Trump, Wikidal & Co. v. Taggart's Ex'rs, 14 Ohio St. 122.

It is urged that since the claims were rejected on October 29, 1931, the proceeding was not pending when the statute took effect. However, claims for compensation had been rejected prior to the effective date of the statutes involved in both W. S. Tyler Co. v. Rebic and Industrial Commission v. Vail, supra. And yet these claims were held to constitute pending proceedings protected by section 26. The law of the case is stated in the Rebic Case in the syllabus, and in the Vail Case in the per curiam opinion. State ex rel. Keller v. Forney et al., Tax Commission, 108 Ohio St. 463, 468, 141 N. E. 16; State ex rel. Crawford, Ex'r, v. Industrial Commission, 110 Ohio St. 271, 283, 143 N. E. 574. Each of these decisions states the law of Ohio with reference to the facts upon which it is predicated, and must be read in view of the facts found therein. Baltimore & Ohio R. Co. v. Baillie, 112 Ohio St. 567, 148 N. E. 233.

The facts do not appear in detail in the reports, but they are shown by the records in each case. The record in Industrial Commission v. Vail shows that the employee was injured on June 24, 1920. The application made to the Industrial Commission was rejected on August 4, 1921. The statute took effect upon August 16, 1921. Hence the claim had been rejected prior to the effective date of the statute, and the decision of the Supreme Court of Ohio determines that a claim may be pending even though it has been rejected.

In W. S. Tyler Co. v. Rebic, supra, the Supreme Court found that the employee made an oral demand upon the employer for compensation on June 6, 1925 (118 Ohio St. pages 524, 526, 161 N. E. 790). The record shows that the demand and the refusal were simultaneous. The statute took effect July 14, 1925. The syllabus states that the application was refused, and therefore it is evident that the demand was refused prior to the effective date of the act.

The claims in suit, then, under the well-established law of Ohio, constitute pending proceedings, and are protected under section 26 from the operation of amending and repealing statutes, just as though they were actions pending in a court, unless the amendment or repeal expressly embraces the proceeding.

The term "unless so expressed" means as stated or written in the statute, and not as left to inference or implication. State ex rel. Construction Co. v. Rabbitts, 46 Ohio St. 178, 19 N. E. 437; Kelley, Judge, v. State ex rel. Gellner, 94 Ohio St. 331, 114 N. E. 255; State ex rel. Andrews et al., Com'rs, v. Zangerle, Auditor, supra. In State ex rel. Boswell v. Industrial Commission, 125 Ohio St. 341, 181 N. E. 476, the statute expressly related to claims filed "heretofore or hereafter."

Section 10509-133 contains no express provision applying its requirements to pending proceedings.

The decision in Matthews v. Raff, Adm'r, 45 Ohio App. 242, 186 N. E. 887, cannot and does not overrule the decisions of the Supreme Court of Ohio above cited. In Ohio, this holding lays down no rule binding except within its particular jurisdiction.

The judgment of the District Court should be reversed.