**GRUBE, ESTATE OF, In Re**

Ohio Appeals, 2nd Dist, Clark Co

No 341.   Decided June, 1935

Martin & Corry, Springfield, for plaintiffs in error.

W. H. Griffith, Springfield, and H. W. Stafford, Springfield, for defendants in error.

## OPINION

By BODEY, J.

The Common Pleas Court held that while §10509-106 GC applied to the presentation of claims of an executor or administrator against an estate, yet, if such a claim had not been filed within three months from the time of the appointment of the executor or administrator the same might be reinstated by virtue of the provisions of §10509-134 GC. This later section reads as follows:

"Upon petition filed by a creditor or person deriving title from him, whose claim has not been presented within the time prescribed by law, the Probate Court, if after notice to all interested parties and hearing, it is of the opinion that justice and equity so require, and that the petitioner is not

chargeable with culpable neglect in failing to present his claim within the time so prescribed, may permit petitioner to file his claim for allowance, but such allowance shall not affect any payment or distribution made before the filing of such claim, nor shall it prejudice the rights of creditors whose claims were filed within the time prescribed by law."

Counsel for the devisees and legatees argue effectively that §10509-134 GC applies only to claims of creditors generally and not to a claimant who may be an executor or an administrator. This section appears in the Probate Code under the general title of "suits against Executors or Administrators," the first section under this title being §10509-133 GC. This section provides generally that a claimant against an estate, whose claim has been rejected by an executor or administrator, must file his suit on said claim within two months after such rejection or be forever barred from maintaining an action thereon. Clearly, this section applies to creditors other than the executor or administrator himself because the language imports the meaning that the claim has been presented to the executor or administrator. It is well known that the claim of the executor or administrator is presented directly to the Probate Court. Then, under the next section, to-wit, §10509-134, GC, the Probate Court may permit a creditor or person deriving title from him, whose claim was not presented within the time prescribed by law, if it is of opinion that justice and equity so require and that the petitioner has not been culpably negligent, to file his claim. We are unable to agree with the Common Pleas Court in the proposition that §10509-134 GC confers upon the Probate Court the authority to permit an executor or administrator, who has not presented his claim within a period of three months after his appointment, to then present the same to the Probate Court, even although justice and equity may so require and although the administrator or executor may not have been culpably negligent. To hold that §10509-134 GC applies to executor or administrator claimants as well as to other creditors is to read into this section words which do not appear in the enactment.

In our opinion §10509-106 GC is a statute of limitations and that, although the words "forever barred" or words of similar import do not appear therein, an executor or administrator who does not present his claim to the Probate Court within three months after his appointment is barred from there-after urging the same. On this proposition we are in accord with the decision and written opinion of the Probate Court of Tuscarawas County which was affirmed by the Common Pleas Court of that county in the case of Cribbs v Sturman, 32 N.P. (N.S.) 29. We therefore hold that an executor or administrator, who has a claim against the estate and who does not present the same to the Probate Court for allowance within three months after the date of his appointment, is thereafter barred from presenting the same.

The question then which we must determine is this: Does §10509-106 GC apply to the instant case? As has been said before, the executrix in this case was appointed July 16, 1931. §10509-106 GC took effect January 1, 1932. The claim herein was not presented to the Probate Court for allowance until March 15, 1932. Counsel have cited to us three cases which bear upon this question, to-wit:

Matthews v Raff, Admr., 45 Oh Ap, 242 (15 Abs 94).

Smith v N. Y. Central R. R. Co., 122 Oh St, 45.

Philadelphia National Bank, a Banking Corporation v H. D. Raff, Admr., decided by the U. S. Circuit Court of Appeals of the Sixth Circuit on April 12, 1935.

In this case of Matthews v Raff, Admr., supra, the Court of Appeals of the Fifth District of Ohio held that the presentation of a creditor's claim against an administrator and its rejection was not a pending proceeding; that remedial statutes may have a retroactive effect when a reasonable time has been provided for the prosecution of causes of action then existing; and that an action for services rendered to a decedent which was commenced about six months after the claim had been rejected was barred by the two month statute of limitations. In that case it appeared from the facts that a claim was presented to the administrator on November 11, 1931; that the same was rejected two days thereafter and that the action in the Common Pleas Court was instituted on April 29, 1932. In effect the same question was there decided as is presented in this case. The court held that §10509-133 GC, which went into effect on January 1, 1932, governed the right of this creditor to sue and that his right to institute suit on the rejected claim expired on January 13, 1932, which was two months after the rejection by the administrator. Reference is made in this case to the holding of the Supreme Court of Ohio in the case of Smith v N. Y. Central R. R. Company, supra. In that case the court con-

sidered the question of the reduction of the limitation of time in which to file personal injury suits from four years to two years. In the opinion Chief Justice Marshall refers to §26 GC, which section is as follows:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

The Supreme Court then holds that when the repeal or amendment relates to the remedy it does not affect causes of action which are not pending or upon which action has not been taken. The court holds that the time for the institution of legal actions may be shortened and that an act changing the statute of limitations to a shorter time may be passed, providing a reasonable time within which to file suits upon existing causes of action is granted to litigants. In that case, although petitions had been filed within four years from the date of injury, as was permitted by the laws of Ohio at the time the injury occurred, demurrers were sustained to the petitions because the actions had not been instituted within two years from the date of the injury, the enactment which reduced the time from four years to two years having provided ample time for the plaintiffs to file their suit before the effective date thereof. The decision of the court in the U. S. Circuit Court of Appeals, supra, is to the same effect. It is disclosed that the defendant in this case is the same defendant as appears in the case found in the 45 Oh Ap, 242 (15 Abs 94). Exactly the same question was presented. This court held that a creditor who presented his claim to an administrator which was rejected did not have a pending action under the purview of §26 GC.

We are in accord with these decisions. It is our judgment that the claim of an administrator or executor against the estate of his decaesed is not a pending action or a prosecution or a proceeding as referred to in §26 GC, before the same is presented to the Probate Court for allowance.

In our judgment it is a cause of action and remedial legislation may have a retrospective effect concerning it. Ample time was available to the executrix in the instant case within which to present her claim to the Probate Court from the time of her appointment to December 31, 1932. She is presumed to have knowledge of the enactments of the Legislature. Since her claim was not presented to the Probate Court prior to the effective date of the Probate Code, and since more than three months elapsed between the time of her appointment and said effective date, it is our view that §10509-106 GC is retrospective and retroactive to the extent that it governs her right to present a claim. Since that is true, it follows that, in our judgment, the claim of this executrix is barred under that section.

It is our view that the Court of Common Pleas erred in rendering judgment in favor of the defendant in error and in refusing to render judgment in favor of the estate; that it erred in holding that the claim of the defendant in error's decedent was not barred by lapse of time under §10509-106 GC; that it erred in holding that said claim was not barred by failure to comply with the provisions of said section; that it erred in holding that the provisions of §10509-134 GC were applicable to the claim in question; that it erred in allowing the claim as a valid claim against said estate.

It is the judgment of the court that the Common Pleas Court erred in the above particulars and for that reason its judgment should be reversed and this cause remanded to the Common Pleas Court with instructions to hold on the appeal that the claim of Minnie B. Grube,, executrix, against Perry A. Grube, her deceased, is barred by reason of the provisions of §10509-106 GC. Having reached this conclusion, it is not necessary to pass upon subdivisions 2 and 6 set out in the petition in error. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.