WHALEN, APPELLEE, *v.* THE CITIZENS BLDG. & LOAN CO., APPELLANT.

(Decided October 17, 1940.)

Mr. *Chas. K. Correll,* for appellee.
Mr. *John E. Sponseller,* for appellant.

SHERICK, P. J. This is an action for a declaratory judgment instituted by a mortgagor, as judgment debtor, against her mortgagee, as judgment creditor, seeking to have a deficiency judgment, theretofore entered against her in an action in foreclosure, declared barred by Section 11663-1, General Code, and the defendant enjoined from hereafter attempting to exercise its claimed lien against a certain parcel of real estate belonging to the mortgagor.

The defendant, as judgment creditor, demurred generally to plaintiff's petition. The demurrer was overruled and final judgment was entered in plaintiff's favor. From this ruling and action by the trial court defendant appeals and predicates error thereon.

The substance of the petition is as follows:

Prior to and until June 27, 1929, plaintiff owned and resided in a certain dwelling house. It was her homestead, upon which defendant held a mortgage. On that date she inherited another property into which she moved shortly thereafter and maintained as her residence. On April 29, 1933, defendant commenced foreclosure proceedings on the first property; judgment was subsequently entered, the property sold and a deficiency judgment was entered against the plaintiff. No steps have since been taken to satisfy this judgment, except the issuance of two certificates of judgment on January 25, 1938, and November 1, 1939.

The petition's final paragraph is argumentative. It recites that plaintiff is seeking to refinance her in-

herited property, but that defendant's claimed deficiency judgment lien prevents her from so doing. She avers that Section 11663-1, General Code, is a statute of limitations upon enforcement of deficiency judgments. She states that the mortgaged and foreclosed property was her homestead within the meaning of the aforesaid section. She desires the rights of the parties to be determined.

Defendant advances the theory that Section 11663-1, General Code, is more than a retroactive remedial statute, because it impairs a contractual obligation entered into and merged in judgment before the first enactment of the section which went into force and effect August 19, 1937. This is, in sequence, followed with the claim that the statute is unconstitutional. But, it is argued, if this be found untrue, nevertheless the plaintiff may not prevail, because defendant has pursued a course (issuance of certificate of judgment) by which its judgment is kept from becoming dormant, which it is permitted to do under Section 11663, General Code. The defendant must fail upon both grounds.

It is well settled in this state that no one has a vested right in an existing remedy, and a subsequently enacted section may curtail that remedy if a reasonable time is provided for assertion of the existing right. The fact that the law may, in such an instance, have a retroactive effect, does not bring it within the inhibition of constitutional prohibition against enactment of retroactive laws. In each case, it becomes a question of reasonableness of time within which the existing right may be asserted. If reasonable time is afforded, the statute is not unconstitutional. See *Smith* v. *N. Y. C. Rd. Co.*, 122 Ohio St., 45, 170 N. E., 637; and *Matthews* v. *Raff, Admr.*, 45 Ohio App., 242, 186 N. E., 887, decided by this court in 1933.

Looking to Section 11663, General Code, it is clear that this is an old statute of a general nature, and

applies to all judgments wherein moneys have been found due another. It provides for keeping such judgments from becoming dormant, and for the preservation of liens. Section 11663-1, General Code, however, is of recent enactment (117 Ohio Laws, 515). It creates a restricted limitation upon the enforcement of deficiency judgments. The Legislature has seen fit to prescribe that deficiency judgments acquired in foreclosure actions against certain property theretofore used as a homestead, are of such a nature that they may not be enforced against the debtor's other property, unless certain proceedings are pursued in respect thereto within "two years from the date of such judgment or of the effective date of this act, whichever shall be later." The judgment here in question is by inference presumed to have been entered in 1933. The effective date of Section 11663-1, General Code, is August 19, 1937. This section was subsequently amended, effective August 15, 1939 (118 Ohio Laws, 359. With the amendment, however, we cannot now be concerned.

Another statute, known as the certificate of judgment law (116 Ohio Laws, 273), effective August 30, 1935, must engage our attention, due to the fact that defendant's position is predicated on its compliance therewith within the time allowed for perfection of its lien. The issuance and filing of a certificate of judgment, in its purpose and effect, is very similar to the issuance of an execution and a sheriff's paper levy on certain property. Both have the effect of preserving the lien acquired by the judgment and keeping it from becoming dormant, after which it ceases to be a lien. It is clear that by either method there is no attempt to collect the judgment but only a step taken to keep it alive.

The title to Section 11663-1, General Code, "Limitation of enforcement of deficiency judgments," is properly indicative of the statute's stated purpose.

It contemplates some action begun two years from the effective date, in this case, of the original enactment of the section, which is August 19, 1937, towards the liquidation and satisfaction of the judgment. If this were not true, then the enactment of the section would lack any element towards acceleration of the purpose to require a more prompt assertion of a deficiency judgment, for such judgments would remain in the category of other money judgments which may be kept alive indefinitely.

Section 11663-1, General Code, prescribes certain exceptions to its general requirements. Defendant says that its case falls within the first thereof, "that any execution issued upon such judgment, or any action or proceeding in aid of execution, or in the nature thereof, to marshal liens, commenced within two years from the date of such judgment or from the effective date of this act, whichever shall be later, or commenced prior to the effective date of this act, shall not be affected by this section." It is urged that even though a certificate of judgment is not mentioned, it is contemplated, because this course and its effect is synonymous with "execution." In a limited sense this is true, but there is a further and less restricted meaning of the word "execution," which imports a levy and sale, as is evident from the familiar phrase "sold upon execution." It is also significant that the term "certificate of judgment" is not found within the deficiency-judgment statute, even though the certificate of judgment section has been in effect since August 30, 1935. We shall and do assume that such term was purposely omitted.

Section 11663-1, General Code, has a second and third exception. The third excludes from its period of operation any time during which enforcement of such a judgment shall be suspended by order of court, under any statute now in force or hereafter enacted. Here again is evidence that the deficiency-judgment

statute contemplates such steps being taken to satisfy the judgment rather than to preserve its lien power.

It is the judgment of this court that when the defendant neglected to pursue a course to satisfy its judgment within two years from the effective date of the original deficiency-judgment statute, which is August 19, 1937, its judgment thereafter became unenforcible. The two-year period prescribed by the statute for procuring satisfaction of existing deficiency judgments was and is a reasonable time and does not offend against the rule relative to retroactive laws. This conclusion is fortified by the decision in *Wayne Bldg. & Loan Co.* v. *Headley,* 64 Ohio App., 355, 28 N. E. (2d), 649, wherein a proceeding to revive a dormant deficiency judgment was disapproved.

Finding no error in the judgment complained of, the same is affirmed.

*Judgment affirmed.*

LEMERT and MONTGOMERY, JJ., concur.