{¶ 20} Although I concur in both the judgment and the opinion of the court, I write separately in order to clarify my opinion concerning the issue of the retroactive application of the statute of limitations.
 {¶ 21} Before the enactment of R.C. 2305.111, a victim of childhood sexual abuse had until one year after recalling or discovering that he or she had been sexually abused, or until one year after the victim, through the exercise of reasonable diligence, should have discovered that he or she had been the victim of sexual abuse, within which to bring a cause of action. This was by virtue of the tolling doctrine announced in Ault v. Jasko (1994), 70 Ohio St.3d 114. Thus, before the enactment of R.C. 2305.111, in *Page 9 
1996, the victim in this case could have brought a timely cause of action, since she had not yet recovered her repressed memory of the assault.
 {¶ 22} After R.C. 2305.111 became effective, on August 3, 2006, it was too late, under that statute, for the victim in this case to bring her cause of action, since she attained majority on July 13, 1992, and it was then already more than twelve years after that date. The extinction of a vested, but as yet unfiled, cause of action, by virtue of a newly-enacted statute of limitations, immediately upon the effective date of the new statute of limitations, does not offend the Ohio Constitution so long as there is a ninety-day period between the date of the enactment of the statute and its effective date. This is so because one is deemed to have been put on notice of a statute at the time of its passage, rather than upon its effective date. Matthews v. Raff,Admr (1933), 45 Ohio App. 242, 15 Ohio L. Abs. 94, 95, error dismissed,126 Ohio St. 511 (1933).
 {¶ 23} Now it may be objected that the existence of the ninety-plus-day interval between the enactment of R.C. 2305.111 on May 2, 2006, when it was signed by Governor Taft, and August 3, 2006, its effective date, was of no value to the plaintiff in this case, because her memory of the abuse remained repressed throughout that period. But I am not prepared to hold that the fact that Pratte's memory was repressed during this period is of constitutional significance. If we were to hold that the existence of a repressed memory is of constitutional significance, then we would logically be required to hold that the tolling of the statute of limitations during the time that a plaintiff is suffering from repressed memory is constitutionally required.
 {¶ 24} My understanding of the holding in Ault v. Jasko, supra, is that the tolling of the statute of limitations because of a repressed memory was adopted by the Supreme *Page 10 
Court of Ohio not because it was deemed to have been constitutionally required, but because it was good policy, and the Ohio General Assembly had not, as of that time, chosen to legislate in this area.
 {¶ 25} I would agree that policy reasons exist that might justify the tolling of a statute of limitations during any period of time that the plaintiff is suffering from repressed memory of the events out of which the cause of action arises. But the legitimate interests of both plaintiffs and defendants are at stake in these cases, since a defendant has a legitimate interest in requiring that suit be filed before his or her ability to defend is compromised by stale evidence and lost memory. I am of the view that it is for the legislature to balance these policy considerations, and I reject the view that the Ohio constitution requires that statutes of limitations be tolled during periods of repressed memory.