### HEYN v KAHN

Common Pleas Court, Hamilton Co.

No. A-72939. Decided Nov. 19, 1940.

Walter K. Sibbald, Cincinnati, for the demurrer.

M. Froome Barbour and James E. Kimpel, of Cincinnati, for plaintiff.

## OPINION

By MACK, J.

Plaintiff sues upon a verbal agreement made in 1930, alleging that he was to render medical services to the deceased free of charge, and whenever desired, until the death of the decedent; further, that such medical services were to be rendered to members of the family of deceased. Testator died July 10, 1940, and defendant executor was appointed July 24, 1940. On October 4, 1940, the petition herein was filed. It is alleged that the decedent agreed, in consideration thereof, to leave a bequest of $5000 to plaintiff in his last will and testament. Plaintiff alleges performance of the agreement on his part and failure of decedent by his last will to make said agreed bequest. Presentation of plaintiff's claim on September 20, 1940, and rejection thereof by executor, is alleged.

To such petition defendant has demurred, relying on the provisions of §10504-3a GC, effective September 2, 1935, reading as follows:

"No agreement to make a will or to make a devise or bequest by will shall be enforceable unless such agreement is in writing, signed by the party making it or by some other person by his express direction, in which latter case the instrument must be subscribed by two or more competent witnesses who heard such party acknowledge that it was so signed by his direction."

In behalf of plaintiff it is argued that the agreement in question being valid at the time it was entered into was protected against retroactive annulment thereof by the provisions of the Constitution of Ohio, Art. II, §28, providing that

"The General Assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts."

No expert in idealistic legerdemain could by criptic evasion assert that the alleged agreement set forth in the petition was other than a contract within the meaning of Art. II, §28 of the Constitution of Ohio.

Likewise it requires no authority upon the proposition that statutes of limitation and statutes regulating procedure, or relating to evidence and the matter in which certain matters must be proved are procedural and regulate the remedy for asserted rights.

On behalf of defendant a per curiam opinion of our Supreme Court in Kimmel v King, 125 Oh St 505, is relied on in support of the demurrer. In that case a real estate broker sought to recover a quantum meruit commission upon a verbal agreement for procuring a purchaser for real estate. Examination of the printed record in the case, copy of which is in our Law Library, showed a verbal contract was made in 1923. No petition was filed, however, until October 6, 1926. In the meantime by amendment to §8621 GC, (111 Ohio Laws 104, effective July 9, 1925) it was provided that no action shall be brought to charge a defendant upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate, unless the agreement, or some memorandum thereof, is in writing, and signed by the party to be charged, or some other person by him lawfully authorized.

Such per curiam opinion, holding that there was no right of recovery upon the verbal contract, concludes thus:

"The question here involved was fully determined by this court in the case of Smith v New York Central Rd. Co., 122 Oh St 45."

As the writer of this opinion in instant case filed a brief amicus curiae and took part in the successful oral argument in that case, he is thoroughly familiar with the rule of law established in the Smith case. At page 49, Marshall, CJ., said:

"This gives rise to the further question whether a cause of action existing at the time of the amendment of a remedial statute is a vested right. If it is such vested right, it could not, in any event, be taken away altogether. On the theory that a right to sue once existing becomes a vested right, and can not be taken away altogether, it does not conclusively follow that the time within which the right may be asserted and maintained may not be limited to a shorter period than that which prevailed at the time the right arose, provided such limitation still leaves the claimant a reasonable time within which to enforce the right."

Smith sued for personal injuries. At the time of his injuries, on February 6, 1926, he had four years in which to file an action. The legislature passed an act, effective August 2, 1927, reducing the period for commencing such action from four years to two years. Smith had ninety days within which to file his action. However, he did not file his petition until August 24, 1928. The Supreme Court held that his action was barred. At page 49, Marshall, CJ., quotes with approval the following from Terry v Anderson, 95 U. S. 628, at page 633:

"The parties to a contract have no more a vested interest in a particular limitation which has been fixed, than they have in an unrestricted right to sue. They have no more a vested interest in the time for the commencement of an action than they have in the form of the action to be commenced; and as to the forms of action or modes of remedy, it is well settled that the legislature may change them at its discretion, provided adequate means of enforcing the right remain."

At page 55 Marshall, CJ., said:

"It will be presumed that the Legislature knew that, if no time was fixed by express enactment for the amendment to go into effect, then it would not become effective as to pending actions, but that it would become effective as to all existing causes of action not yet filed in any court. It must also be presumed that the Legislature knew that the constitutional inhibition against retroactive laws had been interpreted to apply only to laws relative to substantive rights, and the laws relating to the remedy were not included within such inhibition. It must also be presumed that the Legislature then knew that, if the amendment were silent on the subject, it could not go into effect as to pending actions until ninety days after being filed by the Governor in the office of the secretary of state."

In instant case it is apparent that no right of action accrued to plaintiff upon his alleged contract until after death of the testator in 1940, almost five years after the statute in question had been passed, and that therefore there was no period of ninety days, or any period of time, after the passage of the act before the same became effective within which plaintiff could have asserted his alleged rights.

**Cowie v Central Trust Co., Extr., 14 OO 185, 28 Abs 536,** is a decision of my learned colleague, Judge Thomas H. Morrow, in a case upon which likewise there was a suit on a verbal contract to leave property by will to another, made in 1930, more than five years prior to the effective date of the law under consideration, and where the testatrix did not die until 1938, some three years after such law went into effect. Judge Morrow reached the conclusion that the action in that case was not barred by the provisions of the amendatory law requiring the promise to be in writing.

Inasmuch as there was no period of time whatever of the ninety days which remained after the enactment of the law in question, and before it became effective, within which plaintiff in instant case could assert any vested right under the contract set forth in the petition, it is the opinion of this court that the amendatory law is not applicable to instant case.

It follows that the demurrer to the petition will be overruled.