Zimmerman, J.
 

 The question presented is whether a purchaser of realty duly forfeited to the state for the nonpayment of taxes, assessments, etc., who receives a deed for such realty from a county auditor, pursuant to Section 5762, General Code, acquires title free from all liens and encumbrances.
 

 Appellant herein answers the question in the affirmative, relying principally on the cases of
 
 Kahle
 
 v.
 
 Nisely,
 
 74 Ohio St., 328, 78 N. E., 526, and
 
 Cech
 
 v.
 
 Schultz,
 
 132 Ohio St., 353, 7 N. E. (2d), 557, which state the rule that where real estate has been forfeited to the state for the nonpayment of taxes, assessments, etc., in accordance with the applicable statutes, a valid sale and conveyance of such real estate by a county auditor extinguishes all previous titles thereto and invests the purchaser with a new and perfect title, free from prior liens and encumbrances.
 

 However, the Superintendent of Banks contends, and the Court of Appeals agreed, that the cases cited are no longer controlling because of Section 8542-1, General Code, effective August 11, 1937, which reads in part:
 

 “The lien or priority of any existing valid mortgage or lien shall not be affected by reason of the fact that
 
 *549
 
 the state of Ohio or any political subdivision thereof has acquired or does acquire the property on which said lien exists unless said property is acquired by regular judicial proceedings as prescribed by law. The state of Ohio, or any board or commission of the state of Ohio, may be made a party in any Common Pleas Court or Probate Court of Ohio, to any foreclosure proceedings, or other proceedings to sell real estate and marshall liens, for the purpose of securing an adjudication touching any claim, mortgage or other lien, the state of Ohio may have or claim on the premises involved.”
 

 If Section 8542-1, General Code, is applicable, the superintendent should prevail, but if not, the appellant is entitled to a judgment in his favor.
 

 Prom an examination of the statutes pertaining to the forfeiture of lands for the nonpayment of taxes (Section 5744
 
 et seq.,
 
 General Code), coupled with their judicial interpretation, it would seem that upon forfeiture the state does not acquire an absolute indefeasible title to the lands, since before sale they are subject to redemption, and if upon sale a larger sum is realized than the amount of taxes and charges owing, such excess must be retained for the proper owner and paid to him upon demand.
 

 What the state does acquire, upon forfeiture of lands for the nonpayment of taxes, is possession of the lands and the entire estate therein, with the power to dispose of them for the single purpose of securing the amount of the unpaid taxes.
 
 Thevenin
 
 v.
 
 Lessee of Slocum,
 
 16 Ohio, 519, 532. After sale, the deed delivered to the purchaser by the county auditor operates to confer upon such purchaser a new and independent title, free from all claims and interests theretofore existing.
 

 The delinquent owner of the property is afforded ample opportunity to reclaim it before sale, and there
 
 *550
 
 is nothing to prevent one holding a lien on the property from protecting his interests by paying the defaulted taxes after forfeiture and having the property restored to the name of the owner. The duty of all persons interested in real property to see that the taxes thereon are paid, or abide the consequences of nonpayment, was proclaimed in the early case of
 
 Jones
 
 v.
 
 Devore,
 
 8 Ohio St., 430, 432.
 

 By the enactment of Section 8542-1, General Code, placed in the chapter entitled “Conveyances and Incumbrances,” it is difficult to suppose that the General Assembly intended to interfere with the statutes relating to forfeited lands, appearing in another and unrelated part of the Code, and' upset their design and usefulness by implication. It is more reasonable to say that Section 8542-1, General Code, has reference to situations where the state has acquired title to encumbered lands-by gift, devise, purchase or other like process, and was passed to enable lienholders to enforce their claims against such property in the hands of the state.
 

 Appellant persuasively represents that Section 8542-1, General Code, was enacted primarily for the benefit of those holding mortgage and other liens on real property taken over by the state under Section 1359-6, General Code (115 Ohio Laws, pt. 2, 432, the original statute), from aged persons applying for or receiving state aid.
 

 It is our opinion that Section 8542-1, General Code, ■ has no bearing on the present case.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Matthias and Hart, JJ., concur.
 

 Bettman, J., not participating.