Zimmerman, J.
It appears that John H. Lowry was the owner of the real estate in controversy. On January 3, 1933, an insurance company commenced an action against him in the Court of Common Pleas of Stark County seeking judgment on a promissory note and foreclosure of the mortgage on the property here involved. Judgment was obtained against Lowry in a substantial amount, and the property was ordered sold. No sale was made and Lowry died.
In June of 1933, Lowry’s will was admitted to probate in Stark County. In November 1933, the treasurer of that county, on leave granted, filed an answer and cross-petition in the mortgage foreclosure case to foreclose a tax lien against the property. Avie Lowry Slaughter, Lowry’s daughter and the executrix of his estate, was made a party defendant, individually and in her representative capacity. Apparently no other devisees under Lowry’s will were named as parties and made such. Early in 1934, the tax lien was foreclosed, an order of sale issued, and C. E. Hunter purchased the property at sheriff’s sale. Evidently, the sale was confirmed, and the Court of Appeals determined that Hunter’s deed was recorded. In January 1935, Hunter and his wife, Marye C. Hunter, conveyed the property to the above-mentioned insurance company. Later the insurance company conveyed the property by warranty deed to Marye C. Hunter.
In May 1941, construction of Lowry’s will was sought in the Probate Court of Stark County by way of an action for a declaratory judgment. Raymond, Frederick and Robert Grier were parties to that action and under the determination of the court secured as remaindermen a fee simple title in part of Lowry’s property, enjoyable after the termination of life estates, the last of which ended in February of 1950.
In the instant action to quiet title, the trial court found no irregularities or infirmities in the tax foreclosure proceedings other than the failure to make devisees under the will of John H. Lowry parties defendant. It further found that the purchase of the property by C. E. Hunter at the tax foreclosure sale was in good faith and without fraud. In addition, the court found that the devisees of the remainder interests under Lowry’s will were necessary parties to the tax foreclosure pro *161 ceeding, applied Section 11219, General Code, now Section 2305.04, Revised Code, pertaining to the bringing of an action to recover title to or possession of real estate, and upon snch basis held that the tax foreclosure proceeding was void as to Raymond, Frederick and Robert Grier. Other questions were reserved for future hearing and settlement.
If Raymond, Frederick and Robert Grier were necessary parties in the proceeding to foreclose the tax lien against Lowry’s property and Section 11239, General Code, now Section 2305.04, Revised Code, was applicable and controlling, then the trial court was right in declaring the sale void as to the Griers. Such section read:
“An action to recover the title to or possession of real property, shall be brought within 21 years after the cause thereof accrued, but if a person entitled to bring such action, at the time the cause thereof accrues, is within the age of minority, of unsound mind or imprisoned, such person, after the expiration of 21 years from the time the cause of action accrues, may bring such action within ten years after such disability is removed.”
But, it is to be remembered that the proceeding to foreclose the tax lien was brought about through the protracted failure of John H. Lowry, owner of the property, to pay the taxes thereon, and in this state and in other jurisdictions a proceeding to foreclose a tax lien is essentially one in rem and not in personam; it operates on the land itself and not on the title of the one in whose name the property is listed for taxation. Jones v. DeVore, 8 Ohio St., 430, 431; Kahle v. Nisley, 74 Ohio St., 328, 78 N. E., 526; Dubin v. Greenwood, 139 Ohio St., 546, 41 N. E. (2d), 240; Southern Ohio Savings Bank & Trust Co. v. Bolce, 165 Ohio St., 201, 208, 135 N. E. (2d), 382, 387; and 85 Corpus Juris Secundum, 64, Taxation, Section 771.
Thus, in 3 Cooley’s Law of Taxation (4 Ed.), 2775, Section 1405, the author remarks with respect to a proceeding to enforce a tax lien against land:
“Proceedings of this nature are not usually proceedings against parties * * *. They are proceedings which have regard to the land itself rather than to the owners of the land, and if the owners are named in the proceedings and personal notice *162 is provided for, it is rather from tenderness to their interests, and in order to make sure that the opportunity for a hearing is not lost to them, than from any necessity that the case shall assume that form.”
Section 5718-3, General Code, now Section 5721.18, Revised Code, outlined the procedure to be followed in the foreclosure of a tax lien and recited that “the proceedings for such fore-, closure shall be instituted and prosecuted in the same manner * * * provided by law for the foreclosure of mortgages on land.”
In an action to foreclose a mortgage on land brought after the death of the mortgagor, the heirs and devisees of the mortgagor are ordinarily necessary parties. But in a situation where the real estate is primarily liable for the debt and the creditor may look directly to that for payment, less strictness is demanded. 37 Ohio Jurisprudence (2d), 530, 531, Section 338.
Here, in the proceeding to foreclose the tax lien on Lowry’s property, the executrix of his estate — his personal representative — was made a party defendant. She was also one of his heirs and a devisee or legatee under his will. And at the time the proceeding for the foreclosure of the tax lien was instituted and completed, there had not yet been a determination as to the identity and status of the devisees under Lowry’s will and as to the interests and estates they took in his property under that instrument.
The collection of taxes is the life blood of the state and of the various political subdivisions in the state in carrying on governmental activities and in meeting governmental obligations, and a proceeding to foreclose a tax lien on property materializes only when the nonpayment of taxes has extended over a period of years.
Naturally, the state is interested in a full collection of the taxes due and to this end is interested in the sale of the property to a purchaser at a price and under conditions which will accomplish that result. Probably, to insure the sale of the property for an adequate amount, Section 5762-1, General Code, now Section 5723.13, Revised Code, was enacted, effective in 1943, and read:
“In all cases wherein real property in this state is or has been sold under and by virtue of the provisions of Chapter 14 *163 or 15 [G. C. Sections 5704 to 5773] of this title [Taxation], no action shall be commenced nor shall any defense be set up to question the validity of the title of the purchasers at such sale for any irregularity, informality or omission in the proceedings relative to the foreclosure or forfeiture unless such action be commenced or defense set up within one year after the deed to such property is filed for record or one year after the effective date of this act, whichever is longer.”
The provisions of the above section are remedial in nature and operate at least as a special statute of limitation and perhaps as a condition governing a right as to all claims and demands against purchasers of Ohio real estate at tax foreclosure and forfeiture sales with respect to “any irregularity, informality or omission in the proceedings” relative to such foreclosure or forfeiture, and being remedial apply in the instant case and cover the proceeding to foreclose the tax lien on the John H. Lowry property, brought in 1933 and completed in 1934 by the sale of such property. Smith v. New York Central Rd. Co., 122 Ohio St., 45, 48, 49, 170 N. E., 637, 638; and Opinions of Attorney General (1944), 493, No. 7118. It will be noted that the statute contains no exceptions in favor of those under disabilities. 34 Ohio Jurisprudence (2d), 572, Section 96.
The failure to make the Griers and other heirs and devisees of John H. Lowry parties to the tax foreclosure proceedings respecting his property, even if they should have been recognized, was clearly an omission under Section 5762-1, General Code, now Section 5723.13, Revised Code, and operated to the advantage and protection of the purchaser of the property at the tax foreclosure sale, which sale was not attacked for many years after he filed his tax deed for record.
We find no error in the judgment of the Court of Appeals herein, and the same is affirmed.

Judgment affirmed.

Weygandt, C. J., Taet, Matthias, Bell, Radcliee and O’Neill, JJ., concur.
Radcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.